UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
JON CRAWN,

                     Plaintiff,         **COMPLAINT**

                                  **07 CIV 1032**
-vs-                                  JURY TRIAL DEMANDED

TOWN OF WALLKILL,              **ECF Case**

                    Defendant.           **ROBINSON**
-------------------------------------------------X

### INTRODUCTION

1. Plaintiff brings this action under the Americans with Disabilities Act, the Rehabilitation Act of 1973 and the New York Executive Law to redress the humiliating experience he suffered in a Town building on account of his disability.

### PARTIES

2. Plaintiff Jon Crawn resides in Sparrowbush, County of Orange, within this judicial district.

3. Defendant Town of Wallkill is a municipality organized pursuant to the laws of the State of New York. It may sue and be sued. As a public entity which receives Federal funding, the Town may be sued under the Rehabilitation Act.

### JURISDICTION & VENUE

4. As plaintiff brings this action to enforce the Americans with Disabilities Act and the Rehabilitation Act, this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3) & (4); 29 U.S.C. § 720 et seq. and 42 U.S.C. § 12133.

5. As the State-law cause of action arises from the same nucleus of operative facts as

the Federal claims, this Court has supplemental jurisdiction over it pursuant to 28 U.S.C. § 1367.

6. As the events giving rise to this action arose in County of Orange, this case is properly venued in Southern District of New York.

**FACTUAL AVERMENTS**

7. Plaintiff is a 43 year-old man with a recognized disability under the Americans with Disabilities Act. In 1984, Plaintiff's left leg was amputated below his knee. He cannot walk or otherwise maneuver himself without the use of crutches or a wheelchair.

8. Plaintiff's disability affects major life activities and is of central importance to daily life, including walking, caring for himself, performing manual tasks and working.

9. On December 28, 2006, plaintiff went to defendant's new municipal offices at 111 Tower Drive to resolve a parking ticket issued on December 18, when he was improperly issued a ticket for parking in a handicapped spot. On that date, plaintiff was using a crutch and did not have the benefit of his prosthetic leg.

10. At the municipal building, which houses the courts, the parking enforcement bureau and the police department, plaintiff was initially directed to the assessor's building where the parking enforcement officer was temporarily situated.

11. As plaintiff's disability made it impossible to walk to the assessor's building, which was 400 yards uphill, he waited in the hallway at the parking enforcement bureau, which did not have any chairs or other means to accommodate his

disability.

12. Without access to a chair or other means to accommodate his disability in the hallway as he awaited the return of the parking enforcement officer, he had no choice but to lean against the wall, sit on the floor and otherwise alleviate the discomfort and awkwardness stemming from his missing left leg.

13. Town employees watched and did nothing to accommodate plaintiff as he sat on the floor and maneuvered himself in the hallway for approximately 45 minutes to alleviate the discomfort.

14. The public building housing the parking enforcement bureau did not accommodate persons with disabilities. Defendant is required by law to make the building accessible to and usable by persons with disabilities. This reasonable accommodation would not fundamentally alter the nature of the services provided at the municipal building.

15. Defendant would not be unduly burdened by making the municipal building accessible to disabled persons. Such an accommodation, i.e., proving chairs or benches, is readily achievable without significant expense, and the benefits to disabled persons like plaintiff substantially outweigh any administrative or financial burdens and costs sustained by defendant.

16. Defendant's failure to comply with the Americans with Disabilities Act, the Rehabilitation Act and the New York Executive Law caused him physical and emotional pain and suffering.

## V  CAUSES OF ACTION

17. Plaintiff incorporates the allegations in ¶¶ 1-16 as if re-stated herein.

18. In maintaining a municipal building which was not readily accessible to disabled persons like plaintiff, defendant violated the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973 and the New York Executive Law.

## VI  PRAYER FOR RELIEF

Plaintiff respectfully asks this Honorable Court to:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this matter;

c. enter an order finding that defendant has violated the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973 and the New York Executive Law in failing to accommodate disabled residents in the municipal building;

d. order defendant to immediately comply with the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973 and the New York Executive Law;

e. award to plaintiff compensatory damages for the pain and suffering he sustained on December 28, 2006;

f. award to plaintiff the reasonable attorneys' fees and costs expended in litigating this action; and

g. enter such other relief deemed appropriate.

Dated:    February 8, 2007

Respectfully submitted,

*[signature]*

STEPHEN BERGSTEIN
HELEN G. ULLRICH

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff
