UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JON CRAWN,

                      Plaintiff,                  **MEMORANDUM DECISION
                                                       AND ORDER**

    -against-

                                                         07 Civ. 1032 (GAY)

TOWN OF WALLKILL,

                      Defendant.
----------------------------------------------------------X

       On or about February 25, 2013, plaintiff's counsel filed a Notice of Motion to Withdraw as Counsel and requested leave to file a supporting affirmation. By Memo Endorsed Order dated February 27, 2013, the undersigned granted counsel's application and allowed plaintiff Jon Crawn until March 13, 2013 to submit a response to counsel's motion. The undersigned also directed counsel to serve Mr. Crawn with a copy of said Order.

       Mr. Crawn did not oppose the motion or otherwise communicate with the Court. By Order dated March 20, 2013, this Court (1) relieved Bergstein & Ullrich, LLP as counsel for plaintiff, (2) allowed plaintiff until April 30, 2013 to obtain new counsel, (3) scheduled a pretrial conference for May 8, 2013 at 10:00 a.m. and (4) notified plaintiff Jon Crawn that his failure to appear at the May 8th conference, either personally or by counsel, could result in sanctions including dismissal of his complaint. The Court also directed plaintiff's former counsel to serve a copy of the March 20th Order on plaintiff Crawn and to provide an affirmation of service along with address information.

       By letter dated March 21, 2013 (received in Chambers March 25, 2013), Mr. Bergstein affirmed service of the March 20th Order upon Mr. Crawn by U.S. Mail and

Copies mailed 6/26/13
Chambers of Judge Yanthis

Certified Mail, Return Receipt Requested, at the following addresses:

Mr. Jon Crawn  
P.O. Box 114  
Sparrowbush, NY 12780

Mr. Jon Crawn  
16 Cuddeback Road  
Sparrowbush, NY 12780

On May 8, 2013 at 10:00 a.m., defense counsel appeared for the scheduled conference; neither Mr. Crawn nor any counsel on his behalf appeared at the scheduled conference. As of May 8, 2013, the Court had received no communication from Mr. Crawn.

Accordingly, on May 8, 2013, the undersigned issued an Order to Show Cause wherein the Court (1) Ordered Mr. Crawn to appear before this Court on June 5, 2013 at 10:00 a.m. in Courtroom 421 and Show Cause as to why his complaint should not be dismissed, (2) reminded Mr. Crawn of his duty to diligently prosecute this action under Rule 41(b) of the Federal Rules of Civil Procedure and (3) notified Mr. Crawn that his "failure to appear on June 5, 2013 at 10:00 a.m. in Courtroom 421 <u>WILL</u> result in sanctions, including dismissal of the complaint." Chambers mailed copies of said Order to Show Cause to Mr. Crawn at the two addresses noted above. The mail was not returned to the Court, so it presumably was received by Mr. Crawn.

Defense counsel appeared on June 5, 2013 at 10:00 a.m. for the scheduled conference; Mr. Crawn again failed to appear. As of today, the Court has received no communication in any manner from Mr. Crawn.

If a plaintiff fails to diligently prosecute his case–as evidenced here–or to comply with a court order–as evidenced here–the Court may *sua sponte* dismiss the action. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); LeSane

v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). In deciding whether to dismiss an action pursuant to Rule 41(b), the Court should consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to defendant is likely to result; (4) whether the Court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000). A balancing of these factors as applied to the circumstances of the instant case compels the conclusion that dismissal of plaintiff's complaint is warranted.

First, plaintiff has not communicated with the Court, participated in conferences or taken any steps to prosecute this action for nearly four months. That length of time is sufficient to justify dismissal. See e.g., Antonio v. Beckford, No. 05 Civ. 2225, 2006 WL 2819598, at *2 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or more). Second, plaintiff was put on notice by the Court's March 20th Order and May 8th Order to Show Cause that his failure to appear could result in dismissal of his case. Both Orders were mailed to plaintiff at two addresses utilized by his former counsel. Any claim of absence of notification would be the direct result of plaintiff's own failure to notify the Court and defendants of his whereabouts. Third, plaintiff offers no excuse for his failure to appear at two scheduled conferences, while defense counsel has appeared at each scheduled conference, wasting time and taxpayer money. Defendant has been forced to bear the expense of defending a lawsuit that plaintiff has shown no interest in pursuing. "[A] failure to dismiss would

likely leave the case pending for an indefinite time into the future, or at least until plaintiff changed his mind or the court lost patience." See Reid v. New York City, No. 07 Civ. 9788, 2009 WL 2222608, at *4 (S.D.N.Y. July 23, 2009) (quotation and citation omitted). Under the circumstances, prejudice to defendant can be fairly presumed. Fourth, this Court has already given plaintiff an opportunity to proceed on the merits, specifically by issuing the May 8th Order to Show Cause rather than dismissing the action after Mr. Crawn's first failure to appear. Further, "[i]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." See Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quotation and citation omitted). Fifth, plaintiff has twice ignored the Court's Orders and warnings of the consequences of his failure to appear. Plaintiff has apparently lost interest in his case, and there is no reason to believe that any alternative, lesser sanction to dismissal would spur plaintiff to diligently pursue the action.

Accordingly, for all the foregoing reasons, this action is **DISMISSED WITH PREJUDICE** pursuant to FRCP 41(b).

The Clerk of the Court is directed to enter judgment in favor of defendant and to close this case.

Dated: June 26, 2013
White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.